accident with Gans' permission is tantamount to holding that Hall had the power to convert a prohibition into a permission. The unambiguous language of the omnibus clause is not susceptible of such a construction.

For the reasons herein assigned, the former judgment of this court is reinstated and made final.

DREW, J., dissents.

the car causing the damage was lawfully in possession of same at the time of the accident.

On Rehearing.

TALIAFERRO, Judge.

For the written reasons this day assigned in Edward Parks v. Harvey Hall et al., on rehearing, La.App., 179 So. 868, the judgment heretofore rendered herein is reinstated and made final.

DREW, J., dissents.

### PARKS v. HALL et al.*
### No. 5440.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Granted June 30, 1937.

Writ of Certiorari and Review Granted Feb. 7, 1938.

Sholars & Gunby and G. Allen Kimball, all of Monroe, for appellants.

McHenry, Lamkin & Lamkin, of Monroe, for appellee.

HAMITER, Judge.

For the reasons assigned Edward Parks v. Harvey Hall et al., 179 So. 868, this day decided by us, the judgment appealed from, in so far as the defendants M. L. Gans and Phoenix Indemnity Company are concerned, is set aside and reversed, and plaintiff's suit is dismissed at his cost in both courts.

DREW, Judge (dissenting).

I respectfully dissent from the majority opinion in this case for the reason that I am of the opinion that the omnibus clause in the insurance policy covers the case and makes the insurance company liable thereunder. In my opinion the driver of

### HALL v. HALL et al.*
### No. 5441.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Granted June 30, 1937.

Writ of Certiorari and Review Granted Feb. 7, 1938.

Sholars & Gunby and G. Allen Kimball, all of Monroe, for appellants.

McHenry, Lamkin & Lamkin, of Monroe, for appellee.

Hamiter, Judge.

For the reasons assigned in Edward Parks v. Harvey Hall et al., 179 So. 868, this day decided by us, the judgment appealed from, in so far as the defendants M. L. Gans and Phoenix Indemnity Company are concerned, is set aside and reversed, and plaintiff's suit is dismissed at his cost in both courts.

DREW, Judge (dissenting).

I respectfully dissent from the majority opinion in this case for the reason that I am of the opinion that the omnibus clause in the insurance policy covers the case and makes the insurance company liable thereunder. In my opinion the driver of the

*Judgment annulled — So. —.

car causing the damage was lawfully in possession of same at the time of the accident.

On Rehearing.

TALIAFERRO, Judge.

For the written reasons this day assigned in Edward Parks v. Harvey Hall et al., on rehearing, La.App., 179 So. 868, the judgment heretofore rendered herein is reinstated and made final.

DREW, J., dissents.

CARBONS CONSOLIDATED, Inc., v. HALL et al.*

No. 5442.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Granted June 30, 1937.

Writ of Certiorari and Review Granted Feb. 7, 1938.

Sholars & Gunby and G. Allen Kimball, all of Monroe, for appellants.

Shotwell & Brown, of Monroe, for appellee.

HAMITER, Judge.

For the reasons assigned in Edward Parks v. Harvey Hall et al., 179 So. 868, this day decided by us, the judgment appealed from, in so far as the defendants M. L. Gans and Phoenix Indemnity Company are concerned, is set aside and reversed, and plaintiff's suit is dismissed at its cost in both courts.

DREW, Judge (dissenting).

I respectfully dissent from the majority opinion in this case for the reason that I am of the opinion that the omnibus clause in the insurance policy covers the case and makes the insurance company liable thereunder. In my opinion the driver of the car causing the damage was lawfully in possession of same at the time of the accident.

On Rehearing.

TALIAFERRO, Judge.

For the written reasons this day assigned in Edward Parks v. Harvey Hall et al., on rehearing, La.App., 179 So. 868, the judgment heretofore rendered herein is reinstated and made final.

DREW, J., dissents.

---

*Judgment annulled — So. —.